UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME POTTER,

        Petitioner,        Case No. 2:24-cv-13178
                                              Hon. Susan K. DeClercq

v.

WAYNE COUNTY JAIL,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1) WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

**I.**

Jerome Potter, incarcerated at the Wayne County Jail, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. On June 13, 2024, Potter was convicted after a jury trial in the Wayne Circuit Court of assaulting, resisting, or obstructing a police officer.[1] The petition claims: "Fifth Amendment (due process). I was not allowed to have hearings, to put forth, I have not been allowed

---

[1] Potter's *pro se* petition inconsistently states both that he was convicted on June 13, 2024, ECF No. 1 at PageID.1, and that he has not yet been convicted, *id.* at PageID.6. The Wayne Circuit Court electronic docket clarifies that Potter was indeed convicted after a jury trial on June 13, 2024, and that he was sentenced on December 11, 2024. *See State v. Potter*, No. 24-000671-01-FH (Mich. 3d Jud. Cir. 2024), https://cmspublic.3rdcc.org/CaseDetail.aspx?CaseID=4061040.

to present any supporting evidence or facts, my case is being and has been moved along, nor utilizing my witnesses." ECF No. 1 at PageID.5.

## II.

After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

A federal habeas petitioner must exhaust remedies available in the state courts before filing his petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* To fulfill the exhaustion requirement, a petitioner must fairly present his federal claims to all levels of the state appellate system, including the state's highest court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Petitioner bears the burden of showing he has exhausted his state court-remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The district court may raise exhaustion on its own when it clearly appears that habeas claims

have not been presented to the state courts. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, Potter has not satisfied the exhaustion requirement because his claim has not been presented to the state courts. Because he has been sentenced, Potter has a state-court remedy available to him in the form of a direct appeal of his conviction. *See* MICH. CT. R. 7.103(A)(1); 7.104(A)(3). The procedure for initiating a direct appeal and for the appointment of appellate counsel was probably explained to Potter at his sentencing hearing. *See* MICH. CT. R. 6.425(G).

Because Potter has failed to exhaust his state court remedies, his petition is properly dismissed without prejudice. Potter may file a new petition after he completes state court appellate review. *Rust*, 17 F.3d at 160.

## III.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Court's disposition of the case is not reasonably debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

>  /s/Susan K. DeClercq
>  SUSAN K. DeCLERCQ
>  United States District Judge

Dated: February 19, 2025